## Sobin v. Bond

*Edward F. Muller, Jr.*, for plaintiff.
*Fronefield Crawford*, for defendant.

SWENEY, May 29, 1961.—This action in assumpsit is before the court en banc on defendant's motion for judgment non obstante veredicto. The jury found in

favor of plaintiff in the sum of $1,350, the amount sued upon.

The sole question before the court is whether or not the trial judge properly permitted oral testimony to vary the terms of a written contract. The contract is in letter form, prepared by defendant, addressed to plaintiff and accepted by plaintiff.

Defendant was employed by plaintiff as a salesman to promote sales for plaintiff's company in the southern and southwestern parts of the United States. Defendant was unsuccessful and ceased the employment. Plaintiff sued in this action to recover moneys advanced.

The clauses of the agreement which provoke controversy are as follows:

"5. A loan of $2,000.00 from Newton H. Sobin, to be made to Boyce C. Bond in advance of future profits being established by Boyce C. Bond which will be repaid out of future net profit proceeds of the Southern and South Western Sales.

"6. Above loan to be made payable $900.00 Sept. 1, 1956—$900.00 Oct., 1, 1956—$200.00 Nov., 1, 1956."

No net profits were realized, and the question for judicial interpretation by the trial judge in the first instance was whether or not, in the absence of net profits, defendant was obligated to repay plaintiff for moneys received by him pursuant to the written contract.

The trial judge ruled that the use of the word "loan" in paragraphs 5 and 6 created an ambiguity in the agreement, and, because the written agreement was the work product of defendant, it had to be construed most strongly against him. Accordingly, plaintiff was permitted to offer oral testimony that defendant agreed to repay funds received by him regardless of whether there were any net profits.

The issue is a narrow one: Is there an ambiguity in the written contract? If not, oral testimony was inadmissible: Keleher v. LaSalle College, 394 Pa. 545; Furjanick Estate, 375 Pa. 484. If yes, parol evidence was admissible to show the sense in which the words were intended to be used.

The crux of this case is the defendant's use of the word "loan," in the phrase "loan . . . to be made . . . in advance of future profits to be established by Boyce C. Bond which will be repaid out of future net profit proceeds . . ."

Whenever a loan is made, the necessity of repayment is implied, even in the absence of an express promise to repay: 41 C. J. 3. Whether the parties intended repayment only in the event of the realization of net profits, or whether this provision was inserted merely for the purpose of fixing the time at which payment would become due was incapable of judicial interpretation from the language of the written instrument. More particularly is this true, because in paragraph 6 the contract provides the dates upon which "loans" would be made by plaintiff to defendant. And, since the parties were to share equally in any net profits, it is a reasonable construction that the provision for repayment from net profits was intended to assure plaintiff that he would be repaid from defendant's 50 percent share of the profits before distribution of them.

Had defendant chosen the word "payment" in place of "loan," plaintiff would have no cause of action. The language was of defendant's choosing, and we agreed with the trial judge that the instrument is not so complete on its face as to prohibit parol testimony.

Viewing the contract in another light, the trial judge could have held as a matter of law that the word "loan" in its usual sense commanded repayment of all moneys paid by plaintiff, regardless of profits, and plaintiff would have had no reason to offer parol

evidence. Under a different factual situation, oral testimony to explain the arrangement would have been beneficial to defendant. In this instance, the testimony was sufficient for the jury to believe plaintiff and find an intention of the parties that the funds were to be repaid, regardless of profits. See Southern Fertilizer Co. v. Reames, 105 N. C. 283, 11 S. E. 467.

We find no error in the ruling of the trial judge. There being no other basis for defendant's motion, the jury verdict should stand.

### Decree

And now, May 29, 1961, it is ordered and decreed that:

1. Defendant's motion for judgment non obstante veredicto be, and the same is hereby, dismissed.

2. Judgment is entered upon the verdict in favor of Newton H. Sobin, plaintiff, and against defendant, Boyce C. Bond, in the sum of $1,350, with interest thereon at 6 percentum per annum from January 30, 1961;

3. An exception is noted for defendant.